1

2

3

4          UNITED STATES DISTRICT COURT

5          NORTHERN DISTRICT OF CALIFORNIA

6

7    AMERICAN BEVERAGE ASSOCIATION,            Case No.  15-cv-03415-EMC

8    et al.,

9              Plaintiffs,                     **ORDER GRANTING PLAINTIFFS'
                                               MOTION FOR INJUNCTION PENDING
10        v.                                   APPEAL**

11   CITY AND COUNTY OF SAN                    Docket No. 69
     FRANCISCO,
12
               Defendant.
13

14        Previously, the Court denied Plaintiffs' motion for a preliminary injunction.  *See* Docket

15   No. 68 (order).  In response, Plaintiffs have now moved for an injunction pending appeal of that

16   order.  Having considered the parties' briefs and accompanying submissions, the Court hereby

17   conditionally **GRANTS** Plaintiffs' motion.[1]

18        The Court has the authority to issue an injunction pending appeal, notwithstanding its

19   denial of preliminary injunctive relief, pursuant to Federal Rule of Civil Procedure 62(c).  That

20   rule provides that, "[w]hile an appeal is pending from an interlocutory order or final judgment that

21   grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an

22   injunction on terms for bond or other terms that secure the opposing party's rights."  Fed. R. Civ.

23   P. 62(c).

24        The City argues that Plaintiffs are not entitled to relief under Rule 62(c) because the rule

25   specifies that relief may be given "[w]hile an appeal is pending," Fed. R. Civ. P. 62(c), and, here,

26   Plaintiffs have not yet filed a notice of appeal.  However, as Plaintiffs argue, this position is not

27

28   _____

[1] The parties agreed to forego a hearing on the motion.

**United States District Court**
For the Northern District of California

1    persuasive.  The Wright & Miller treatise explains as follows:

2

3           Rule 62(c) says that the district court may act in connection with
            injunctions "while an appeal is pending."  It may be argued that this

4           means that the court may not make an order under Rule 62(c) before
            the appeal has been taken, and further, that after the taking of the

5           appeal the district court no longer has jurisdiction of the case.
            However, those arguments would make the rule a nullity and are

6           unsound.  When there is reason to believe that an appeal will be
            taken, there is no reason why the district court should not make an

7           order preserving the status quo during the expected appeal.  The
            order can be conditioned on an appeal being taken by a stated date.

8    Wright, *et al.*, 11 Fed. Prac. & Proc. Civ. § 2904 (3d ed.).

9           The Court now turns to the issue of what factors are considered in determining whether a

10   party is entitled to an injunction pending appeal.  Plaintiffs argue that the typical preliminary

11   injunction factors are considered.  *See Protect Our Water v. Flowers*, 377 F. Supp. 2d 882, 883

12   (E.D. Cal. 2004) (stating that, "[i]n deciding whether to grant an injunction pending appeal, courts

13   apply the standard employed when considering a motion for a preliminary injunction"); *see also*

14   *Network Automation, Inc. v. Advanced Sys. Concepts*, 638 F.3d 1137, 1144 (9th Cir. 2011) (stating

15   that, "'[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on

16   the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the

17   balance of equities tips in his favor, and that an injunction is in the public interest'").  Relying on

18   *Hilton v. Braunskill*, 481 U.S. 770 (1986), which formally addressed a request for a stay of an

19   order pending appeal rather than an injunction, the City argues that the party seeking an injunction

20   pending appeal must make a "strong showing" of likelihood of success on the merits.  *Id.* at 776.

21   At the very least, the City argues, Plaintiffs here "must make an 'even stronger showing' that they

22   will succeed on the merits than they did in their preliminary injunction motion."  Opp'n at 2.  *See,*

23   *e.g.*, *See Bayless v. Martine*, 430 F.2d 873, 879 (5th Cir. 1970) (stating that, "[s]ince appellants

24   failed to make out a prima facie case demonstrating a reasonable probability of success on the

25   merits[,] a fortiori they did not make that even stronger showing that is prerequisite to the grant of

26   a stay and the issuance of an injunction pending a hearing on the merits of an interlocutory

27   appeal").

28          It is questionable, however, whether *Hilton* should apply to a motion for injunction

                                                 2

**United States District Court**
For the Northern District of California

pending appeal of an order denying a preliminary injunction.  Under the City's position, a party

who is denied a preliminary injunction (because the requisites for preliminary injunction relief are

not met) could never get an injunction from the district court pending appeal.  *See Protect*, 377 F.

Supp. 2d at 884 (stating that "[s]everal courts have observed that the 'success on the merits factor

cannot be rigidly applied,' because if it were, an injunction would seldom, if ever, be granted

'because the district court would have to conclude that it was probably incorrect in its

determination on the merits'").  Such a result would not be consistent with the express language of

Rule 62(c) which contemplates the possibility that the district court may grant an injunction

pending appeal from an interlocutory order denying preliminary injunction.  "An injunction is

'frequently issued where the trial court is charting a new and unexplored ground and the court

determines that a novel interpretation of the law may succumb to appellate review.'"  *Id.  See*

*Leiva-Perez v. Holder*, 640 F.3d 962, 965 (9th Cir. 2011) (stating that, "[a]fter noting the various

interests of the state and the petitioner that the court could take into consideration in adjudicating

the stay request, *Hilton* explained that the balance of the relative equities 'may depend to a large

extent upon determination of the State's prospects of success in its appeal'").

Thus, an injunction pending appeal may be appropriate, even if the Court believed its

analysis in denying preliminary injunctive relief is correct.  This is such a case.

Although the Court believes it correctly decided the issues presented, it recognizes that the

Ninth Circuit has not squarely decided whether and how *Zauderer* applies to the context of this

case:  *i.e.*, a compelled disclosure in the context of commercial speech where the government

interest is not consumer deception, but public health and safety.  Furthermore, as the Court

acknowledged in its order denying preliminary injunctive relief, there is at least a close question as

to whether Plaintiffs have raised serious questions on the merits, particularly because the

compelled disclosure has a 20% size requirement which is "not insubstantial."  Docket No. 68

(Order at 26, 30).  There is thus a plausible argument that there are serious questions on the merits

and irreparable injury (*see Sammartano v. First Judicial Dist. Court*, 303 F.3d 959, 973-74 (9th

Cir. 2002)).  In addition, there is a good chance that the injunction pending interlocutory appeal

will be relatively brief because the appeal will likely be resolved on an expedited basis (given

**United States District Court**
For the Northern District of California

Ninth Circuit Rule 3-3, which allows for expedited briefing on preliminary injunction appeals and thus the hardship to the City may be limited).

Accordingly, in light of these particular circumstances the Court grants Plaintiffs' motion for an injunction pending appeal.

Finally, to the extent Plaintiffs seek clarification on footnote 1 of the Court's order denying preliminary injunctive relief, that request is granted.  Footnote 1 more accurately should read (with new language in bold):

> Plaintiffs have not delayed in seeking preliminary injunctive relief. Plaintiffs initiated this lawsuit on July 24, 2015. See Docket No. 1 (complaint). On the same day, Plaintiffs moved for a preliminary injunction **regarding the other ordinance**. *See* Docket No. 14 (motion). Subsequently, the parties agreed that the City would not enforce **that** ordinance pending a final judgment in this case. *See* Docket No. 35 (stipulation and order, filed in August 2015).  A few months thereafter, the Court set a hearing and briefing schedule for the preliminary injunction motion **regarding this ordinance**. *See* Docket No. 45 (stipulation and order, filed in October 2015).

This order disposes of Docket No. 69.

**IT IS SO ORDERED**.

Dated: June 7, 2016

_____
EDWARD M. CHEN
United States District Judge